## BATTS *v.* ALL & SON.

1. Where there were two grounds of demurrer directed to the same part of the plaintiff's petition, it affords no good ground of exception to the demurrant if the court struck the objectionable part of the petition on one of the grounds but refused to strike it on the other ground.

2. Where an offer to purchase a given number of bales of cotton to be delivered in the future at a stipulated price is made by one party to another, which contains the statement that the party making the offer will give a bond in an agreed amount guaranteeing his acceptance of the goods purchased, the stipulation in reference to the giving of the bond is to be construed as a condition precedent; and where the party to whom the offer is made accepts the offer generally, without further stipulation and without waiver of any condition contained in the offer, the contract made by the offer and the acceptance thereof does not become binding upon the party to whom the offer is made until a compliance by the offerer with the condition in reference to the giving of a bond.

JANUARY 11, 1912.

Action for breach of contract. Before Judge Whipple. Irwin superior court. October 27, 1910.

*Hal Lawson* and *H. J. Quincey,* for plaintiff in error.

*Newbern & Meeks,* contra.

BECK, J.  J. H. C. All & Son brought an action against E. W. Batts, to recover damages from the breach of certain contracts. There were three of the contracts of different dates, but substantially the same in terms and conditions; and what is here said in reference to one of the contracts is controlling as to all of them. The first of these contracts reads as follows:

"Mr. E. W. Batts, Ocilla, Ga.    Savannah, Ga., May 12th, 1909.

"Dear Sir: We beg to confirm that we have to-day purchased from you 100 bales of cotton at 10c. per pound, basis Good Middling fob. cars Ocilla, Georgia, to be delivered in October, 1909. Not less than 50 bales of which are to be delivered at a time. This 100 bales is to average 500 pounds per bale, with an allowance of 1 per cent. under or over. It also is understood that the difference between grades are to be those prevailing on the Savannah Cotton Exchange on the date of delivery. We are sending you a duplicate of this contract, which please accept and return. We will send you in a later mail Bond on our part for $5.00 per bale to guarantee our acceptance of this purchase. We offer to do this for you, although we have bought cotton to-day for October deliv-

ery at the same figures, without having to put up any guarantee. On your part you may put up the $5.00 per bale or give Bond in a reputable company for same, or get the bank in your town to guarantee your fulfillment of same.

"Yours truly, J. H. C. All. & Son, By John E. All."

"E. W. Batts, Accepted."

Paragraphs 1 to 12 of the petition consist of allegations that the contract was executed on the date thereof; that according to the terms of the contract Batts sold to petitioners and contracted to deliver 300 bales of cotton averaging 500 pounds in weight, on the basis of good middling at stipulated prices; that petitioners were bound under the contract to receive and pay for the cotton according to the stipulations of the writing; that petitioners, up to the 30th day of October, 1909, had been able, willing, and ready to accept and pay the contract price for the cotton and perform all the obligations imposed by the contract; that on the 30th day of October, 1909, petitioners made demand upon the defendant for the cotton, and defendant refused to deliver, and has not yet delivered it. It is alleged that the value of cotton at the time of the breach of the contract exceeded the contract price, and petitioners lay their damage in the amount equal to the excess. That part of the petition embraced in paragraphs 13 to 20 relates to damages sued for on the ground, that, because of a failure of certain cotton shipped by the defendant to the plaintiffs to come up to the stipulated grade, there was an "outturn" against the plaintiffs of a stated amount; and the plaintiffs sue for this. That part of the petition embraced in paragraphs 1 to 12 inclusive thereof is referred to herein as the first part of the petition, and the remainder, excepting the prayer for judgment and process, is referred to as the second part of the petition.

1. The defendant filed a demurrer containing thirteen grounds. Of these grounds the court overruled 1 to 7 inclusive, and sustained 8 to 13 inclusive. The defendant excepted to the order overruling the first seven grounds. The 7th and 8th grounds of the demurrer read as follows: "7. Defendant demurs to the alleged cause of action attempted to be set forth in paragraphs 13 to 20 inclusive, upon the ground that said paragraphs set forth no cause of action as against this defendant. 8. Defendant demurs to the alleged cause of action attempted to be set forth in paragraphs

13 to 20 inclusive, upon the ground that it nowhere appears that the payments of money by the plaintiffs were made upon any mutual mistake of fact, nor does it appear why the plaintiffs paid the purchase-money demanded by the defendant without first investigating to ascertain whether the amounts were correct, nor does it appear that this defendant in any way deceived or misled the plaintiffs, nor does it appear that the defendant was ever notified of any alleged mistake in a reasonable time after the discovery by the plaintiffs of such mistake."

As we construe these two grounds of demurrer, the plaintiff in error was not hurt by the failure of the court to sustain the 7th ground of the demurrer; because even if the part of the petition to which it relates, that is, the second part of the petition, was open to attack by the general demurrer as stated in the 7th ground, that part of the petition to which the 7th ground refers was effectually destroyed when the court sustained the 8th ground of the demurrer. All that the defendant could ask was that the court wipe out the second part of the petition. The court did so by its order sustaining the 8th ground of the demurrer. What does it matter to the defendant if the court refused to destroy the second part of the petition on one ground, if it was completely annihilated on another?

2.  The contract in this case consisted, in effect, of an offer on the part of the plaintiffs to purchase 100 bales of cotton, and an acceptance of the offer by the defendant. In the statement of the offer there is contained an obligation upon the party making the offer to give a bond on his part for $5 per bale (which would be $50 for each 100 bales). This offer was accepted generally by the defendant, without stipulation of any condition on his part or the waiver of any condition contained in the offer; and the contract would have been binding upon him immediately upon a compliance with the stipulated condition in the offer that the bond should be given (sent by mail). But we are of the opinion that the stipulation contained in the offer that a bond in compliance with the terms of the contract should be sent by mail was a condition precedent, and that until it was complied with the contract was not binding upon the defendant. While the acceptance of the plaintiff's offer was general in its terms, it secured to the defendant the benefit of all conditions in the offer which

might safeguard him in the delivery of the property purchased, as effectually as it brought him under the obligation to perform his undertaking, and one of those safeguards was a bond which would have protected him against loss or diminished his loss in the event the proposed purchasers should refuse or become unable to pay for the cotton after the same had been shipped to them. Consequently, in order to state a cause of action against the defendant for a failure to deliver the cotton, it was essential that the plaintiffs should have alleged a compliance with this material condition stated in their offer which we have under consideration. And having failed to allege this, no cause of action was shown against the defendant, and a general demurrer to the petition should have been sustained. *Equitable Mfg. Co.* v. *Davis,* 130 *Ga.* 67 (60 S. E. 262).

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*